UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY,

                        Plaintiff,

     -against-

LEXINGTON INSURANCE COMPANY,

                       Defendant.
------------------------------------------------------------x

**'10 CIV 03344**

Case No.

**JUDGE KARAS**

COMPLAINT

TRIAL BY JURY
DEMANDED

     Plaintiff, Pennsylvania National Mutual Casualty Insurance Company, by and through its undersigned counsel, The Sullivan Law Group, LLP, as and for its Complaint against Defendant, Lexington Insurance Company, alleges as follows, upon information and belief:

### PARTIES

     1.    Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National") is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 2 North Second Street, Harrisburg, Pennsylvania.

     2.    Upon information and belief, defendant Lexington Insurance Company ("Lexington") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 100 Summer Street, Boston, Massachusetts.

### JURISDICTION AND VENUE

     3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that there exists complete diversity of citizenship between the parties, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

1

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) as a substantial part of the events or omissions giving rise to this claim occurred in this district, in Westchester County.

## FACTS

5. Lexington was the primary professional liability insurance carrier for an insurance broker and agent ("Agent") located in Westchester County, New York, for the policy year February 24, 2003 to February 24, 2004, Policy Number 5113609 ("the Lexington Policy").[1]

6. The Lexington Policy provided limits of liability of $2,000,000 for each claim, and $2,000,000 aggregate.

7. Penn National was the umbrella insurance carrier for the Agent for the policy year February 24, 2003 to February 24, 2004, Policy Number 3810602317 ("the Penn National Policy").

8. The Penn National Policy provided limits of liability of $10,000,000 per occurrence and $10,000,000 aggregate, over the amount of underlying professional liability coverage provided by Lexington.

9. The Agent placed coverage for a certain insured which suffered a water damage loss at an insured location.

10. The underlying insurer paid the insured's claim in the amount of $1,414,652.28.

11. The underlying insurer sought to recoup the payment by instituting suit against the Agent in the Supreme Court, Westchester County, on the grounds that the Agent negligently placed the insurance and that the Agent violated its agency agreement with the underlying insurer.

---

[1] The name of the agent/broker has been omitted in order to protect its identity

2

12. The Supreme Court, Westchester County, granted the underlying insurer's motion for summary judgment on liability and scheduled a trial on damages.

13. Lexington, on behalf of the Agent, appealed the Supreme Court's decision.

14. Prior to the trial on damages, Penn National demanded that Lexington provide it with a plan to settle the case and demanded certain documents from Lexington that had previously been requested by Penn National.

15. At a trial on damages in the Supreme Court, the Agent was held liable for the full amount of the claim, plus pre-judgment and post-judgment interest.

16. Subsequent to the trial, a mediation was held in an effort to settle the matter. Penn National was never informed of the mediation until after it took place and was never informed of the underlying insurer's demands at the mediation until after the mediation.

17. Despite the fact that the Court had already found against the Agent on liability and had enter judgment in the amount of over $1.4 million, plus interest, and despite a settlement demand made by the underlying insurer which would have settled the claim well within policy limits, Lexington refused to offer a reasonable settlement amount and the matter did not settle.

18. Judgment was entered with the Clerk of the court against the Agent in the amount of $2,133,481.08 on January 20, 2009 and post-judgment interest began to accrue on the judgment at the rate of 9% per annum.

19. On June 16, 2009, the judgment against the Agent was affirmed.

20. Thereafter, counsel assigned by Lexington to defend the Agent filed a motion for reargument or alternatively, for leave to appeal to the New York Court of Appeals.

21. On August 11, 2009, Penn National sent a letter to Lexington demanding that Lexington settle the matter within its policy limits.

22. On August 25, 2009, counsel retained by Lexington on behalf of the Agent filed a motion for leave to appeal directly to the New York Court of Appeals.

23. On August 20, 2009, Penn National again demanded a copy of Lexington's claims, defense and appellate counsel's files, and reminded Lexington of the prior demand to resolve the matter within the limits of the Lexington policy.

24. On October 27, 2009, the motion for leave to appeal to the New York Court of Appeals was denied, thereby exhausting the Agent's appellate remedies and the judgment against the Agent had to be satisfied by the Agent's insurers.

25. On November 5, 2009, for the first time, Lexington advised that due to a prior claim paid under the Agent's policy in the amount of $160,000, only $1,840,000 in coverage, not $2,000,000, was available under the Lexington policy.

26. Accordingly, with post-judgment interest on the amount of $1,840,000, Lexington paid a total of $1,970,665.60, leaving Penn National to pay the remaining $318,094.86.

27. On November 9, 2009, Penn National advised that it disagreed with Lexington's position regarding the respective liability between Lexington and Penn National, but in order to protect the Agent's interests, it would pay the $318,094.86 while reserving Penn National's rights as against Lexington.

28. To date, although demanded, Lexington has not paid Penn National the $318,094.86 that Penn National was forced to incur due to Lexington's bad faith failure to settle the action by the underlying insurer within Lexington's policy limits.

### AS AND FOR PENN NATIONAL'S FIRST CAUSE OF ACTION AGAINST LEXINGTON FOR INDEMNIFICATION

29. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "29" as if fully set forth herein.

## AS AND FOR PENN NATIONAL'S SECOND CAUSE OF ACTION
## AGAINST LEXINGTON IN SUBROGATION

38.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "57" as if fully set forth herein.

39.     Penn National is subrogated to the rights of its insured, the Agent.

40.     Penn National was forced to pay $318,094.86 on behalf of the Agent, in order to satisfy the judgment against the Agent.

41.     If not for Lexington's bad faith and improper conduct, Penn National would not have had to pay $318,094.86 on behalf of the Agent to satisfy the judgment.

42.     Accordingly, Penn National is entitled to recover the amount it was forced to pay $318,094.86, to satisfy the judgment from Lexington.

## AS AND FOR PENN NATIONAL'S THIRD CAUSE OF ACTION
## AGAINST LEXINGTON FOR BREACH OF IMPLIED CONTRACT

43.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "42" as if fully set forth herein.

44.     There is an implied contract between a primary insurer and an excess insurer, whereby the primary insurer has the duty to act in good faith towards the excess insurer.

45.     There was an implied contract between Lexington and Penn National, whereby Lexington had the duty to act in good faith towards Penn National.

46.     Lexington had full and sole control over the defense of the litigation against the Agent.

47.     Lexington violated its duty of good faith to Penn National when Lexington unreasonably failed to settle the litigation against the Agent within the limits of the Lexington policy.

48. Lexington violated the implied contract with Penn National to act in good faith when Lexington unreasonably failed to settle the Keep Litigation within the limits of the Lexington policy.

49. Due solely to Lexington's unreasonable failure to settle the litigation against the Agent within the limits of the Lexington policy, Penn National was forced to pay $318,094.86 to satisfy the judgment.

50. Accordingly, Penn National is entitled to recover the amount it was forced to pay for the litigation against the Agent judgment, $318,094.86, from Lexington.

**WHEREFORE**, plaintiff Penn National demands judgment against defendant Lexington, as follows:

a.) On the First Cause of Action in the Complaint, an amount to be determined at trial, but not less than the sum of $318,094.86; and

b.) On the Second Cause of Action in the Complaint, an amount to be determined at trial, but not less than the sum of $318,094.86; and

c.) On the Third Cause of Action in the Complaint, an amount to be determined at trial, but not less than the sum of $318,094.86;

d.) Together with the costs and disbursements of this action, including reasonable attorneys' fees; and

e.)     Such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
April 20, 2010

                                       THE SULLIVAN LAW GROUP, LLP
                                       Attorneys for Plaintiff
                                       Pennsylvania National Mutual Casualty
                                       Insurance Company

                             By     *[signature]*
                                       Robert M. Sullivan (RS-0257)
                                       rsullivan@sullivanlawgrp.com
                                       1350 Broadway, Suite 1001
                                       New York, New York 10018
                                       Tel: (212) 695-0910
                                       Fax: (212) 695-0915
                                       Our File No.: 149-457

TO:

Lexington Insurance Company
c/o New Hampshire Insurance Company
Legal Department
70 Pine Street
New York, New York 10270