```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PENNSYLVANIA NATIONAL MUTUAL CASUALTY
INSURANCE COMPANY,

                      Plaintiff,

      -against-

LEXINGTON INSURANCE COMPANY,

                      Defendant.
------------------------------------------------------------------X

CIVIL ACTION NO.
10 CIV 03344 (KARAS)

**STIPULATED**
**PROTECTIVE ORDER**

      WHEREAS, the parties to this action, Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National") and Defendant Lexington Insurance Company ("Lexington") (hereinafter "the Parties") stipulate and consent to the terms and conditions of this Stipulated Protective Order ("Protective Order") that shall govern the handling of documents produced, whether informally or in response to a production request, by the Parties in this action to preserve the confidentiality or certain personal and private, commercially sensitive, confidential, and/or proprietary information that has been or will be requests and produced in discovery in this action. The Parties agree that a protective order is necessary to protect the integrity of this information, the rights of each of the Parties and the rights of certain third parties;

      IT IS HEREBY STIPULATED AND AGREED by and between the Parties to this action, through their respective counsel of record, that any documents produced by the Parties that are designated "CONFIDENTIAL" will be subject to the terms and conditions outlined in this Protective Order.

      1.     For the purposes of this Protective Order, "documents" means all written, recorded, computerized, electronic, or graphical material or information and things, whether produced or created by a Party of another person, and whether produced in response to a discovery request, subpoena,

agreement, or otherwise.

2. The Parties to this action have the right to designate as "CONFIDENTIAL" any documents in this action which either Party believes in good faith contains privileged materials of third-parties, nonpublic and sensitive personal information of individual persons, trade secrets, confidential research, developments, commercial financial information and/or any other proprietary, confidential, or competitively sensitive business information ("CONFIDENTIAL documents").

3. Unless agreed to in writing by the respective counsel or otherwise ordered by the court, the CONFIDENTIAL documents and all information derived there from shall be used only in connection with, in preparation for and/or trial of this action *Pennsylvania National Mutual Casualty Insurance Company v. Lexington Insurance Company*, United States District Court, Southern District of New York – Case No. 10 CIV 03344, and shall not be used for any other purpose whatsoever.

4. By producing the CONFIDENTIAL documents, producing Parties do not waive any objection to the CONFIDENTIAL documents' admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

5. The CONFIDENTIAL documents shall be treated as follows:

    a. The CONFIDENTIAL documents and any copies, summaries, extracts, notes or memoranda relating thereto may be disclosed by counsel of record for the Parties to this action *only* to the following:

        1. The Parties, and their respective officers, directors, employees, and/or agents;

        2. The Parties' auditors, financial advisors, regulators, insurers and/or reinsurers, but only to the extent necessary for: (i) the settlement of this action and/or any claims for defense costs and/or indemnity under the policy(ies) at issue; or (ii) the assessment of any claims for defense costs

and/or indemnity under the policy(ies) at issue, and/or any payments made in settlement of this action ;

3. Counsel of record for the Parties, counsel's employees, and/or agents who are working on this specific case;

4. Consultants and experts employed by counsel of record for the purpose of assisting in the preparation for and/or trial of this specific case but only to the extent such persons need such confidential information for that preparation;

5. The court and court personnel;

6. Employees of outside copy services used to make copies of CONFIDENTIAL documents;

7. The jury selected for trial in this matter (if any); and

8. Any other person under such terms as may be agreed to by the Parties in writing or as the court may hereafter order.

b. Any person identified in (3) above, to whom disclosure of the CONFIDENTIAL documents is made, shall be advised of this Protective Order and, before disclosure is made, shall sign a document (a copy of which is attached hereto as Exhibit A) manifesting that he or she agrees to abide by the terms of the Protective Order. Penn National and Lexington shall keep a list with the name of each consultant and/or expert hired by Penn National and Lexington who has signed a copy of the Protective Order. If the CONFIDENTIAL documents are presented to any person who is not a consultant and/or expert, counsel for the Parties shall be provided immediately with a copy of Exhibit A, bearing the signature of any such person before the

DOCUMENTS are disclosed to such person.

6. Any Party wishing to attach a CONFIDENTIAL document as an exhibit to any deposition in this action shall inform the court reporter or transcriber who reports or transcribes testimony about this Protective Order before the beginning of the deposition. Portions of deposition transcripts marked "CONFIDENTIAL" shall be treated as if they were the CONFIDENTIAL documents.

7. In the event the CONFIDENTIAL document and portions of transcripts designated as CONFIDENTIAL, either by agreement among counsel or by order of the court, are deposited with the court, they shall be filed in an envelope bearing the caption of this matter and the "CONFIDENTIAL" notation.

8. In the event that the CONFIDENTIAL documents or portions of transcripts designated as CONFIDENTIAL are deposited with the court or used in connection with any filing or proceeding in this action, the CONFIDENTIAL documents shall be filed in an envelope bearing the caption of this matter and the notation "CONFIDENTIAL."

9. The Protective Order, its terms, the designation of a transcript as CONFIDENTIAL, the designation of documents as CONFIDENTIAL, or of the fact that material is confidential shall not be admissible during trial and shall not be communicated to the jury.

10. All CONFIDENTIAL documents, including all copies and information obtained from such CONFIDENTIAL documents shall, subject to the provisions hereof, be used by the person receiving them in connection with prosecuting or defending persons or entities named in and in connection with this action. CONFIDENTIAL documents shall not be used for any business, competitive, or other purposes, and shall not be disclosed to any person or entity, except as provided herein. CONFIDENTIAL documents may not be used either to solicit new parties to this action or to commence a new action against a Party.

NY/597100v1

11. In the event that a Party receiving material designated as CONFIDENTIAL disagrees with such a designation, that Party shall serve written notice of objection to the Party designating the material CONFIDENTIAL. The Parties shall then attempt in good faith to resolve the dispute. If the Parties are unable to come to a resolution after a good faith attempt to resolve the dispute, the Party challenging the protection of the material shall arrange a conference with the court to resolve the dispute.

12. Upon final determination of this action, whether by judgment or settlement or otherwise, including all appeals:

   a. Penn National and Lexington's counsel of record and any other person who has received DOCUMENTS designated as confidential shall either destroy or assemble and return to the producing Party's counsel all CONFIDENTIAL documents so produced, along with all copies, extracts, summaries and compilations thereof, except material constituting the work product of any counsel, which shall be kept confidential thereafter;

   b. Counsel of record will continue to protect the confidentiality of information contained in work product CONFIDENTIAL documents retained under (a) above; and

   c. The clerk of the court shall be requested to return to the disclosing parties all CONFIDENTIAL documents, which have been filed with the court.

13. The execution of this Protective Order shall not preclude any party from moving the court for protective orders in the course of this litigation or from objecting to discovery that it believes to be improper.

14. This Protective Order is subject to amendment and modification by further written stipulation among counsel of record in this action or by order of the court.

NY/597100v1

     The parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

DATED: September 10, 2010

THE SULLIVAN LAW GROUP, LLP

By: _____
Robert M. Sullivan (RS-0257)
Dana B. Hoffman (DH-1214)
Attorneys for Plaintiff
Pennsylvania National Mutual Casualty
Insurance Company

DATED: September 10, 2010

SEDGWICK, DETERT, MORAN & ARNOLD

By: _____
J. Gregory Lahr (JL-9969)
Julie Kim (JK-5700)
Attorneys for Defendant
Lexington Insurance Company

SO ORDERED:

_____
U.S.D.J.

The parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

DATED: September ___, 2010                THE SULLIVAN LAW GROUP, LLP

By: _____
Robert M. Sullivan (RS-0257)
Dana B. Hoffman (DH-1214)
Attorneys for Plaintiff
Pennsylvania National Mutual Casualty
Insurance Company

DATED: September 10, 2010                 SEDGWICK, DETERT, MORAN & ARNOLD

By: _____
J. Gregory Lahr (JL-9969)
Julie Kim (JK-5700)
Attorneys for Defendant
Lexington Insurance Company

SO ORDERED:

_____
U.S.D.J.
10/13/10

NY/597100v1