DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

125 BROAD STREET, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400
www.sdma.com   212.422.0202 phone   212.422.0925 fax

# Sedgwick
### DETERT, MORAN & ARNOLD LLP

**MEMO ENDORSED**                                julie.kim@sdma.com

March 16, 2011
*Via Regular Mail*
Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      RE: *Pennsylvania National Mutual Casualty Insurance Co. v. Lexington Insurance Co.* (10 CIV 03344)
      Our File No.:   02331-007523

Dear Judge Karas:

The parties to the above-referenced action submit this joint request for a two-month adjournment of three of the dates identified in the Joint Discovery Plan. By letter dated January 24, 2011, the parties had made one prior request for a two-month adjournment of these dates, which was granted by this Court on January 26, 2011. However, due to unanticipated delays in completing paper discovery, the parties seek an additional two-month adjournment of the dates set forth in the Joint Discovery Plan.

Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National") timely served its document demands, which included requests for copies of the files maintained by defense counsel and appellate counsel for the insured in the underlying action. Accordingly, appellate counsel agreed to produce a copy of its file in the underlying litigation, and the parties made arrangements to inspect the files of defense counsel on February 8, 2011. However, by e-mail dated February 7, 2011, counsel for the insured objected to the inspection scheduled for the next day and demanded that the inspection be adjourned. Counsel for the insured similarly instructed appellate counsel not to produce documents sought by Plaintiff Penn National. In an effort to expeditiously complete discovery, Plaintiff Penn National served subpoenas on both defense counsel and appellate counsel to obtain the documents. Pursuant to the subpoenas, the parties received the production of responsive documents by both defense counsel and appellate counsel as of March 15, 2011. Accordingly, the parties anticipate that an additional two-month adjournment of the dates set forth in the Revised Joint Discovery Plan will provide the parties with adequate time to review the document productions and to complete depositions.

Enclosed please find a copy of a proposed Revised Joint Discovery Plan prepared by the parties to this action for your review and approval.

The current Joint Discovery Plan identifies the following dates:

1. The parties currently anticipate completion of all fact discovery and depositions on or before March 31, 2011;

2. The parties currently anticipate completion of all expert discovery and expert depositions on or before May 31, 2011; and

NY/658812v1

Hon. Kenneth M. Karas
*Pennsylvania National Mutual Casualty Insurance Company v. Lexington Insurance Company*
March 16, 2011
Page 2

    3. The parties propose June 30, 2011 as the deadline for filing dispositive motions.

The proposed Revised Joint Discovery Plan changes the dates as follows:

1. The parties currently anticipate completion of all fact discovery and depositions on or before May 31, 2011;

2. The parties currently anticipate completion of all expert discovery and expert depositions on or before July 31, 2011; and

3. The parties propose August 30, 2011 as the deadline for filing dispositive motions.

Respectfully Submitted,

*[signature]*

Julie Kim
Sedgwick, Detert, Moran & Arnold LLP

Cc: (via e-mail)
    Dana B. Hoffman, Esq.
    The Sullivan Law Group, LLP
    *Attorneys for Plaintiff*
    1350 Broadway, Suite 1001
    New York, New York 10018
    DHoffman@sullivanlawgrp.com

*[Handwritten note:]* Items "1" and "2" are acceptable. However, in lieu of a deadline for filing dispositive motions, August 30, 2011 will be the date that pre-motion letters are due; non-movant's response is due one week later. The Court will hold a pre-motion conference on October 21, 2011, at 2:30

So ordered,

*[signature]*

3/30/11

NY/658812v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PENNSYLVANIA NATIONAL MUTUAL          Case No. 10-CIV-03344
CASUALTY INSURANCE COMPANY,

                            Plaintiff,          Assigned to:
                                             Hon. Kenneth M. Karas

    -against-

LEXINGTON INSURANCE COMPANY,          **SECOND REVISED JOINT**
                                                     **DISCOVERY PLAN**

                            Defendant.
----------------------------------------------------------x

       Pursuant to the Federal Rules of Civil Procedure 26(f), all parties through their respective counsel conferred on August 18, 2010 in preparation of the following Joint Discovery Plan, hereby submitted for the Court's review and consideration:

       1.     For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.

                                    PENNSYLVANIA NATIONAL MUTUAL
                                    CASUALTY INSURANCE COMPANY
                                    Robert M. Sullivan, Esq.
                                    Dana B. Hoffman, Esq.
                                    The Sullivan Law Group, LLP
                                    1350 Broadway, Suite 1001
                                    New York, NY 10018
                                    RSullivan@sullivanlawgrp.com
                                    DHoffman@sullivanlawgrp.com
                                    Tel: 212-695-0910
                                    Fax: 212-695-0915

                                    LEXINGTON INSURANCE COMPANY
                                    Lawrence Klein, Esq.
                                    J. Gregory Lahr, Esq.
                                    Sedgwick, Detert, Moran & Arnold, LLP
                                    125 Broad Street, 39th Floor
                                    New York, NY 10004-2400
                                    Lawrence.Klein@sdma.com
                                    Gregory.Lahr@sdma.com
                                    Tel: 212-422-0202
                                    Fax: 212-422-0925

2. (a) Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

Lexington Insurance Company (hereafter "Lexington) was the primary professional liability insurance carrier for an insurance broker and agent (hereinafter "Agent") for the policy year February 24, 2003 to February 24, 2004. The name of the Agent is omitted to protect any public disclosures of the Agent's identity. The parties have agreed to enter into a Confidentiality Agreement to protect any disclosure of the Agent's confidential or privileged materials. The Lexington Policy provided limits of liability of $2,000,000 for each claim, and $2,000,000 aggregate.

Plaintiff Pennsylvania National Mutual Casualty Insurance Company, (hereinafter "Penn National") was the umbrella insurance carrier for the Agent for the policy year February 24, 2003 to February 24, 2004. The Penn National Policy provided limits of liability of $10,000,000 per occurrence and $10,000,000 aggregate, over the amount of underlying professional liability coverage provided by Lexington.

The Agent placed coverage for a certain insured which suffered a water damage loss at an insured location. The underlying insurer paid the insured's claim in the amount of $1,414,652.28. The underlying insurer sought to recoup the payment by instituting suit against the Agent in the Supreme Court, Westchester County, on the grounds that the Agent negligently placed the insurance and that the Agent violated its agency agreement with the underlying insurer.

The Supreme Court, Westchester County, granted the underlying insurer's motion for summary judgment on liability and scheduled a trial on damages. The agent appealed the Supreme Court's decision.

At a trial on damages in the Supreme Court, the Agent was held liable for the full amount of the claim, plus pre-judgment and post-judgment interest.

Before the appeal was heard, a mediation was held in an effort to settle the matter. Penn National alleges that it was never informed of the mediation until after it took place and was never informed of the underlying insurer's demands at the mediation until after the mediation. Ultimately, the matter did not settle.

Judgment was entered with the Clerk of the court against the Agent in the amount of $2,133,481.08 on January 20, 2009 and post-judgment interest began to accrue on the judgment at the rate of 9% per annum. On June 16, 2009, the judgment against the Agent was affirmed.

Thereafter, the Agent filed a motion for reargument or alternatively, for leave to appeal to the New York Court of Appeals.

Penn National alleges that it sent letters and email correspondence to Lexington which demanded that Lexington settle the matter within its policy limits and requested a copy of Lexington's claims, defense and appellate counsel's files.

Subsequently, the Agent filed a motion for leave to appeal directly to the New York Court of Appeals. The motion was denied on October 27, 2009 and the judgment against the Agent had to be satisfied by the Agent's insurers.

On or about November 5, 2009, Lexington advised that, due to a prior claim paid under the Agent's policy in the amount of $160,000, only $1,840,000 in coverage, not $2,000,000, was available under the Lexington policy.

Accordingly, with post-judgment interest on the amount of $1,840,000, Lexington paid a total of $1,970,665.60, leaving Penn National to pay the remaining $318,094.86.

Thereafter, Penn National advised that it disagreed with Lexington's position regarding the respective liability between Lexington and Penn National, but in order to protect the Agent's

3

interests, it would pay the $318,094.86 while reserving Penn National's rights as against Lexington.

On April 20, 2010, Penn National filed a Summons and Complaint against Lexington alleging causes of action of indemnification, subrogation, and breach of implied contract.

The first claim for relief as against Lexington is in indemnification, asserting that Lexington did not comply with its obligation to act in good faith towards the Agent, or Penn National, and in failing to settle the litigation against the Agent within the limits of the Lexington Policy, Lexington acted in gross disregard of Penn National and the Agent's interests.

The second claim for relief as against Lexington is for subrogation, asserting that Penn National was forced to pay $318,094.86 on behalf of the Agent, in order to satisfy the judgment against the Agent, and as such, Penn National is entitled to recover the amount it was forced to pay to satisfy the judgment from Lexington.

The third claim for relief as against Lexington is for breach of implied contract, asserting that Lexington violated the implied contract with Penn National to act in good faith when Lexington unreasonably failed to settle the Keep Litigation within the limits of the Lexington policy.

In response to Penn National's Complaint, on July 20, 2010, Lexington filed an Answer denying liability and asserting the following five affirmative defenses:

1. That Plaintiff's action must be dismissed for failure to state a claim upon which relief may be granted

2. That Plaintiff's action must be dismissed because the action is barred by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands

3. That Plaintiff's action must be dismissed because the claims are barred to the extent they fail to allege a justiciable controversy.

4. That Plaintiff's action must be dismissed because Lexington acted reasonably in all aspects of its handling of the underlying action; and

5. Lexington reserves the right to assert additional defenses as are ascertained through discovery, including defenses under the Lexington Policy and at law

3. The following is a proposed Joint Discovery Plan pursuant to Rule 26(f)(3).

(a)     The parties will exchange Rule 26(a) disclosures on or before September 8, 2010. Initial document demands shall be served no later than September 8, 2010. Responses to document demands shall be made within the time provided in the FRCP.

(b)     The parties currently anticipate an examination before trial of the following: Thomas Hagan, Boyd Wright, and Ronald Gorski.

(c)     The parties currently anticipate completion of all fact discovery and depositions on or before May 31, 2011.

(d)     The parties currently anticipate completion of all expert discovery and expert depositions on or before July 31, 2011.

 (e) The parties propose August 30, 2011 as the deadline for filing dispositive motions.

Respectfully Submitted,

THE SULLIVAN LAW GROUP, LLP
Attorneys for Plaintiff
PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY

By: _/s/ Dana Hoffman_
Robert M. Sullivan, Esq. (RS-0257)
Dana B. Hoffman, Esq. (DH-1214)


SEDGWICK, DETERT, MORAN & ARNOLD, LLP
Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

By: _/s/ Gregory Lahr_
Lawrence Klein, Esq. (LK-2875)
J. Gregory Lahr, Esq. (JL-9969)


SO ORDERED:

_____
HONORABLE KENNETH M. KARAS